**Dated: January 25, 2017**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

STEPHEN LEE COSTIGAN,            Case No. 16-80583-TRC
                                                               Chapter 7

           Debtor.

### ORDER REGARDING OBJECTION TO EXEMPTION

Before the Court is AVB Bank's Objection to Debtor's Claims of Exemption (Document 17). Having reviewed the evidence presented by Debtor and AVB Bank and reviewed the applicable legal authorities, the Court finds that AVB Bank's Objection should be overruled.

This Order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052 and 9014.

Debtor filed for chapter 7 bankruptcy on June 11, 2016. In his schedules, he listed as his homestead a 19 acre tract in Wagoner County, Oklahoma, address of 27318 E. 758 Road. This tract is outside the city limits of Wagoner, Oklahoma, and is considered rural property. Debtor exempted 100% of this property, and valued it at $ 695,000. This property includes a main structure of

approximately 3,502 square feet in which he currently resides with his girlfriend; a detached garage or shop building with an upstairs room referred to as the "toy box"; a 1,118 square foot house built by Debtor in 2013 ("2013 home"); and a 50' x 52' pole barn with dirt floors that is used for storage. Included in the barn is an unknown amount of fiberglass materials used in a now-defunct boat building business.

Debtor and his former wife built the main house in 2011. In 2013, he built the other home for his in-laws who were in failing health and had been living in a fifth wheel trailer home. His mother-in-law lived in the 2013 home until her death in 2014; his father-in-law lived there until his death in July of 2015. When Debtor and his former wife separated in 2014, he moved into the toy box and lived there during divorce proceedings. Ultimately, Debtor bought out his ex-wife's interest in the property and he moved back to the main house.

The 2013 home has a separate mailing address, has a separate billing for utilities, and has a separate driveway that branches off from the driveway to the main house. It has two bedrooms, one and a half bathrooms, and a carport. An appraisal in early May of 2016 of the entire 19 acre tract placed a value on this home of $ 55,000. After the deaths of his in-laws, he began renting this house in September of 2015 for $ 500 a month to an unrelated woman. They have an oral agreement that she may rent on a month-to-month basis. He does not intend to live in this home but does intend to move his mother into the home when she is able to move there. He did not list the rental arrangement on his bankruptcy schedules, explaining that it is not a formal lease; however, he did list the rental income on his Statement of Financial Affairs.

From the photographs presented at trial, the 2013 home appears to be very close to the barn. The main house and toy box sit at a right angle to the 2013 house and barn. A small pond lies between the barn/2013 house area and the toy box and main house. All of the buildings appear to

Case 16-80583    Doc 78    Filed 01/25/17    Entered 01/25/17 10:18:04    Desc Main
Document    Page 2 of 6

be in fairly close proximity of each other, all are within view of each other, and certainly appear to be within close walking distance of each other. Debtor does not use any portion of the 19 acres for farming purposes. He does not own cattle, horses or other farm animals. There are no crops or orchards.

The entire tract is encumbered by a first mortgage of $ 328,326, a second mortgage of $ 170,000, and a judgment lien held by AVB Bank for $ 1,148,932.90. Debtor is in default of both mortgages. Prior to filing bankruptcy, Debtor listed the 19 acre tract for sale at $ 695,000, and in April of 2016 entered a contract to sell it for $ 640,000. However, the appraised value was only $ 570,000, so the sale was not completed.

Debtor seeks to exempt the entire 19 acre tract, including the main home, the toy box, the pole barn and the 2013 house. AVB Bank argues that the portion of the 19 acre tract that includes the 2013 house and barn should not be included as part of Debtor's homestead. It asks this Court to deny Debtor's claim of homestead exemption as to this portion of the tract, and denies that a partition of the property is needed. Debtor argues that partition is the only available remedy to AVB Bank since the mortgages encumber the entire tract. The mortgages and any equity must be apportioned amongst the partitioned tracts.

Having opted out of the federal exemptions listed in 11 U.S.C. § 521, Oklahoma law governs the existence of the homestead exemption at issue here. To be exempt, the property must be the person's principal residence. OKLA. STAT. tit. 31, § 1(A)(1). Oklahoma law also provides:

> A. The homestead of any person in this state, not within any city or town, shall consist of not more than one hundred sixty (160) acres of land, which may be in one or more parcels, to be selected by the owner.
> . . .
>
> E. Any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired.

OKLA. STAT. tit. 31, § 2.

Oklahoma courts have "repeatedly held that [the homestead] provisions are to be liberally construed in the interest of the family home." *In re Kretzinger*, 103 F.3d 943, 945 (10th Cir. 1996)(quoting *First Nat'l Bank of Sentinel v. Anderson,* 206 Okla. 54, 240 P.2d 1066, 1068 (1952)). Two basic requirements must be met for a property to be impressed with homestead character: (1) the owner must intend that the property is part of his homestead, and (2) he must in some way use it as his homestead. *Kerns v. Warden*, 1923 OK 77, 213 P. 70. Both Debtor and AVB Bank have cited numerous cases to assist this Court in determining the extent of homestead exemption available to Debtor. Ultimately, however, the question of whether a particular tract of land is impressed with homestead character is a question of fact for the court to determine under the facts and the circumstances of the particular case. *Kerns*. The burden of proof rests on the party asserting the homestead exemption.

A homestead is not limited to a single dwelling house, but "also embraces everything connected therewith which may be used and is used for the more perfect enjoyment of the home, such as outhouses for servants, for stock, or property, gardens, yard and farming land to the extent of 160 acres." *Kerns,* 213 P. at 72. In Oklahoma, persons are allowed to claim a homestead exemption on rural property of up to 160 acres, so Debtor's 19 acre tract is well under that limit. Based upon the evidence presented, the Court finds that the barn and 2013 house are encompassed in this definition of homestead and may be exempted by Debtor. Both buildings are impressed with homestead character. Debtor selected this entire tract as his homestead, and he and his family have used and treated the buildings and improvements thereon as part of that homestead.

The 2013 house was added and intended to be used by a member of his family. Unlike *In re Shields*, 85 B.R. 582 (Bankr. N.D. Okla. 1988), Debtor's in-laws and mother are not independent

adult children or tenants as described in that case. To this Court, they are more like dependent family members. The 2013 house was built on land on which Debtor himself lives, and was intended to be used by family members. The home was built to accommodate aging parents who could not care for themselves but who required the assistance of Debtor and his ex-wife. This property is impressed with homestead character as that term is broadly applied. It occupies a small portion of the 19 acre tract and is not physically separate from the tract. The temporary rental of the property does not persuade the Court to deny its homestead character. As Debtor testified, he temporarily rented the 2013 home in 2015 based only upon an oral agreement, without any formal contract, with the intention that his mother would reside there. He plans to provide care for her in that home. The Court finds that the temporary rental of this home does not disqualify it from being included in the homestead exemption. OKLA. STAT. tit. 31, § 2.

AVB Bank also objects to Debtor's exemption of the barn. This building houses a few remaining items and materials from his former business of building and selling trout fishing boats. Debtor's description of the building as well as photos admitted into evidence suggests that it is used as a storage facility and can be categorized as an out building. It is part of the 19 acres that Debtor resides upon, is near the other buildings, and is used in connection with his home. AVB Bank suggests that Debtor must occupy the barn in order to exempt it. The Court does not interpret Oklahoma law as having such a narrow application. *See Kretzinger*, 103 F.3d at 947 (citations omitted). Debtor's uncontroverted testimony was that he does uses the barn for storage, including personal items. In that sense, he occupies the barn. The Court therefore finds that Debtor has met his burden of proving that the barn is part of his homestead and qualifies as part of his homestead exemption.

IT IS THEREFORE ORDERED that AVB Bank's Objection to Debtor's Claims of

Exemption (Document 17) is **overruled**. Debtor is entitled to the homestead exemption claimed for the entire 19 acre tract, including all buildings thereon.

###